## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **FERNANDO MUKULUKUSSO,** ) | |
| ) | **CIVIL ACTION** |
| **Plaintiff,** ) | **NO. 4:23-11096-TSH** |
| ) | |
| **v.** ) | |
| ) | |
| **KARIM ELHAMAWAY, EVAN** ) | |
| **MACLEAN, CHRISTINA GARCIA,** ) | |
| **SCOTT SHEA, ERIK BALDWIN, &** ) | |
| **MASSACHUSETTS STATE POLICE,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER AND MEMORANDUM ON DEFENDANTS' MOTIONS TO DISMISS & PLAINITFF'S MOTION TO AMEND (Docket Nos. 33, 36, 42, 44, 46)

### November 16, 2023

**HILLMAN, S.D.J.**

Fernando Mukulukusso ("Plaintiff") has alleged federal civil rights violations and common law torts against the Massachusetts State Police ("MSP") and various officers (collectively "individual defendants").[1] The MSP and Officers Elhamaway, Baldwin, and Shea (collectively "moving individual defendants") move to dismiss the First Amended Complaint ("FAC"). Plaintiff moves to amend the complaint.[2] For the reasons below, the motion to dismiss the intentional torts against the MSP is **_granted_**, the motion to dismiss the negligence claim against the MSP is **_granted_**, and that claim is dismissed **_without prejudice_**, the motions to

---

[1] **Counts I–V**: Battery claims against individual defendants; **Count VI**: Battery claim against the MSP; **Counts VII–XI**: Negligence claims against individual defendants; **Count XII**: Negligence claim against the MSP; **Counts XII–XVII**: Excessive Force claims against individual defendants.

[2] The Proposed Complaint asserts the following claims: **Counts I–V**: Battery claims against individual defendants; **Counts VI–X**: Excessive Force claims against individual defendants; **Count XI**: Excessive Force claim against the MSP; **Counts XII–XVI**: "False Arrest" claims against individual defendants; **Count XVII**: "False arrest" claim against the MSP.

dismiss the negligence claims against the moving individual officers are ***__granted__*** and all other motions to dismiss are ***__denied__***. The motion to amend is ***__denied__*** insofar as Plaintiff requests leave to add federal civil rights claims against the MSP and ***__granted__*** insofar as Plaintiff requests leave to add federal civil rights claims against the individual officers.

## Background

*1. The Incident*

The following facts, taken from the complaint, are accepted as true. *See Rosenberg v. City of Everett*, 328 F.3d 12, 15 (1st Cir. 2003). On December 14, 2021, Plaintiff was rear-ended by another vehicle while driving. The driver of the other vehicle, Roberto Rivera ("Rivera"), drove away from the accident, colliding with other cars. Plaintiff followed Rivera's car and discovered it crashed into a guardrail. MSP officer William E. Doogan arrived and spoke with Plaintiff, and Plaintiff gestured in the direction in which Rivera fled. Doogan then left.

After Doogan's departure, additional MSP officers arrived. One of these officers pointed a firearm at Plaintiff, ordered him to the ground, and demanded that he place his hands behind his back. While pointing the gun at Plaintiff, the officer proceeded to kick and step on Plaintiff's neck. During this time, Plaintiff complied with the officer's commands and was subsequently detained. Officer Christina Cacia arrived on the scene to assist, placing handcuffs on Plaintiff.

Plaintiff was detained for an extended period until the officers received information that the correct suspect had been apprehended. At this time, the arresting officers uncuffed Plaintiff, apolgoized for the wrongful arrest, and directed him to wait in his damaged Prius. Plaintiff then cooperated with other officers on the scene to provide a written statement recounting the incident. Throughout the encounter, the police officers ignored Plaintiff's pleas that they had arrested and assaulted the victim rather than the suspect. Plaintiff alleges the incident caused

significant injuries to his neck, lips, glasses, face, and mouth, as well as psychological trauma. Before filing this claim, Plaintiff requested body camera footage and an unredacted police report. Despite the Secretary of State of Massachusetts allegedly ordering such information to be released, Plaintiff has still not received pertinent information related to the incident.

### 2. The Case

Plaintiff initially filed a complaint in state court, which was removed on May 16, 2023. On June 7, 2023, Plaintiff moved to amend his complaint, which was granted. (Docket No. 13). However, rather than filing an amended complaint, Plaintiff filed another motion to amend on June 13, 2023, principally to add unlawful arrest claims under § 1983 (what Plaintiff terms "false arrest"). This was denied without prejudice. (Docket No. 21). Plaintiff then filed the FAC on July 21, 2023. (Docket No. 25). After a brief stay in litigation due to one of the defendant's military obligations, the MSP filed a motion to dismiss. (Docket No. 33). Plaintiff then filed another motion to amend the complaint and a memorandum in opposition to the motion to dismiss, conceding most of the MSP's arguments and attempting to rectify them in part via the proposed amended complaint, and in part seeking to add unlawful arrest claims again. (Docket No. 36). The Court will refer to this as the "Proposed Complaint." Three of the individual officers subsequently filed similar motions to dismiss, (Docket Nos. 42, 44, 46), and one opposed the motion to amend, (Docket No. 48).

### Standard of Review

In evaluating a Rule 12(b)(6) motion to dismiss, the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff[], the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st

Cir. 2011)).  The complaint must allege "a plausible entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The MSP styles its motion as one brought under Rule 12(b)(6), but it is more properly brought under 12(b)(1), for a lack of subject matter jurisdiction. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (state sovereign immunity, at least as it concerns "arms of states," is jurisdictional). However, the standards are functionally identical at this stage of the litigation. *Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth.*, 4 F.4th 63, 69 (1st Cir. 2021).

## Analysis

### *1. Claims against the MSP*

Plaintiff brings two claims against the MSP: battery and negligence. The MSP, as an "arm[] of the state," is shielded by sovereign immunity. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989). The Court may only hear claims if the state has waived that immunity, and waivers are construed strictly. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999). The general waiver for tort claims against state agencies and officers, the Massachusetts Tort Claims Act ("MCTA"), does not waive immunity for intentional torts such as battery. M.G.L. c. 258, § 10(c). Therefore, the MSP's motion to dismiss the battery claim is *granted*.

The MTCA requires claimants to file an administrative claim prior to instituting litigation against the state. M.G.L. c. 258, § 4. Plaintiff concedes that he did not follow this procedure prior

to filing the FAC but has since filed an administrative claim. As such, he requests that his claim be denied without prejudice so that, in the event the administrative claim is denied, he can re-allege it. This Court agrees and *grants* the MSP's motion to dismiss the negligence claim without prejudice.

In his motion to amend his complaint, Plaintiff requests leave to add two § 1983 claims against the MSP. The MSP has not opposed his Proposed Complaint, but this Court will not allow futile amendments. Motions to amend are futile if the proposed complaint "fails to state a plausible claim for relief." *In re Curran*, 855 F.3d 19, 28 (1st Cir. 2017). Federal civil rights claims for damages[3] would be futile because states, including "arms of the state" like state police forces, are not among the "persons" covered by § 1983. *Will*, 491 U.S. at 70. As such, the proposed claims against the MSP fail to state a plausible claim. Plaintiff's motion to amend is *denied* insofar as he requests to add federal civil rights claims against the MSP.

### 2. Claims against the Moving Individual Defendants

Plaintiff brings a variety of claims against the individual officers in their personal capacities. Three of the five individual defendants have moved to dismiss the claims against them, and Plaintiff failed to file a response. This Court may not dismiss a claim as a sanction for failing to respond to a motion to dismiss. *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004). However, Plaintiff is reminded that a similarly cavalier attitude can doom otherwise meritorious claims later in litigation. *See, e.g.*, Local Rule 56.1 (failure to oppose material facts at the summary judgment stage will lead to those facts being deemed admitted).

### a. Negligence

---

[3] No injunctive relief is requested.

The negligence claims against the moving individual defendants fail because public employees in Massachusetts are not liable for negligent acts performed in the scope of their employment—their employer is. M.G.L. c. 258, § 2. Because the FAC alleges the officers acted within the scope of their employment, the moving individual defendants' motions to dismiss the negligence claims are *granted*.[4]

> b. *Unknown Identity (Excessive Force and Battery)*

The individual officers' memoranda identify the same basic problem with Plaintiff's excessive force and battery claims: they fail to identify the officers who allegedly assaulted him. Plaintiff's initial description of the arrest does not identify any of the moving individual defendants. However, each battery allegation reads: "[t]he actions of [the officer in question] as well as the other police officers in kicking and stepping on Mr. Mukulukusso constituted an intentional, offensive, and harmful touching without his consent." Similarly, each allegation of excessive force alleges: "[t]he actions of [the officer in question] along with the other police officers in pointing a gun at Mr. Mukulukusso, kicking him, stepping on his neck, and handcuffing him, despite being a victim of the alleged crime rather than the perpetrator, constituted excessive force." Furthermore, Plaintiff alleges in his complaint that "[t]he responding officers of the Massachusetts State Police as well as the bystander officers who *failed to intervene* should be held jointly and severally liable for using excessive force on Mr. Mukulukusso." (FAC, at ¶ 25) (emphasis added). He does so in the final paragraph of his "facts"

---

[4] The motions to dismiss brought by the moving individual defendants argue the FAC fails to state a claim, not a lack of jurisdiction (nor does this Court apprehend any jurisdictional defects with the claims against the individual defendants). Therefore, the failure of the non-moving individual defendants to file motions to dismiss constrains this Court from, sua sponte, dismissing the identical claims against them. However, as discussed below, this Court grants the motion to amend in part, and the Proposed Complaint drops the negligence claims against the individual officers, including the non-moving defendants.

section, before alleging specific claims. Although the claims could have been pleaded more specifically, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. Rule 8(e). Here, there was notice of both an excessive force claim as well as a duty to intervene claim for the "bystander officers." *Cf. Miranda-Rivera v. Toledo-Davila*, 813 F.3d 64, 73 n. 5 (1st Cir. 2016) (rejecting an argument that a failure to intervene was not adequately alleged where the "universe of facts" surrounding the claim of one officer's duty to intervene is identical to the other officer's use of force); *see also Calvi v. Knox Cty.*, 470 F.3d 422, 431 (1st Cir. 2006) (failure to intervene claims "must be stated distinctly"). The FAC plausibly alleges the officers who did not engage in the alleged excessive force were bystanders who had a duty to intervene. The moving individual defendants do not move to dismiss bystander liability. Finally, the complaint alleges that Plaintiff is missing key evidence about the incident because of the obstruction of the MSP.

"[C]onstruing the well-pleaded facts of the complaint in the light most favorable to the plaintiff," the complaint alleges that (1) some officers used excessive force against Plaintiff (2) some officers were bystanders (3) although Plaintiff knows the officers present for his arrest, he does not know which officers kicked him and which officers were bystanders. The Court will not dismiss a complaint where the plaintiff is able to name the relevant defendants but is unable, through no fault of his own, to identify which defendants committed which torts and constitutional violations against him.

### c.  *Qualified Immunity*

The moving individual defendants argue that they are entitled to qualified immunity from the § 1983 claims. However, their qualified immunity arguments turn on whether there was reasonable suspicion or probable cause. Those arguments concern unlawful arrest claims that Plaintiff does not make in the FAC. The moving individual defendants make no arguments

concerning excessive force, which turns not on probable cause or reasonable suspicion but on the objective reasonableness of the force used to make the arrest. *Ciolino v. Gikas*, 861 F.3d 296, 302 (1st Cir. 2017). Thus, those arguments cannot justify qualified immunity for the excessive force claims.

### d.  Amending the Complaint – Unlawful Arrest Claims

Only one of the officers, Mr. Elhamaway, opposes Plaintiffs' attempt to amend his complaint to add unlawful arrest claims.[5] Mr. Elhamaway argues that Plaintiff fails to show "good cause," while conceding that motions to amend should be "freely given when justice so requires." Fed. R. Civ. P. Rule 15. The good cause standard applies to motions to amend under Rule 16, not Rule 15, and is not applicable here. *Cf. O'Brien v. Town of Bellingham*, 943 F.3d 514, 527 (1st Cir. 2019) (Rule 16's "good cause" standard applies when a motion to amend is filed after a scheduling order). Instead, courts may deny Rule 15 motions to amend if there is "undue delay, bad faith or dilatory motive, undue prejudice or futility of amendment." *In re Montreal, Me. & Atl. Ry., Ltd.*, 888 F.3d 1, 12 (1st Cir. 2018) (citations omitted).

Mr. Elhamaway's principal argument is undue delay: there was nothing preventing Plaintiff from including the unlawful arrest claims five months ago in his initial complaint. That is true. However, Plaintiff attempted to add the claims on June 13, well before any defendant had filed a motion to dismiss. That was denied without prejudice for failure to meet and confer with opposing counsel. (Docket No. 21). And there was a stay in this litigation from July 20 to August 30. Rather than filing the amended complaint on July 21, Plaintiff should have sought leave from the opposing parties to file the complaint adding the unlawful arrest claims. But failure to do so

---

[5] The motion to amend the complaint also requests leave to add an additional federal claim against a "particular defendant," but does not identify which defendant and the proposed complaint only adds unlawful arrest claims against all the individual officer defendants. Because this Court is not able to ascertain what claim Plaintiff would like to add, it *denies* that aspect of his motion to amend.

at this early stage of litigation does not prejudice the defendants or merit denying the motion to amend for undue delay. However, this Court will not allow futile amendments. Again, an attempt to amend is futile if it "fails to state a plausible claim for relief." *In re Curran*, 855 F.3d at 28.

To state a claim for unlawful arrest under § 1983, a plaintiff must allege (1) an arrest supported by neither (2) a warrant nor (3) probable cause. *Karamanoglu v. Town of Yarmouth*, 15 F.4th 82, 87 (1st Cir. 2021). There was no warrant so Plaintiff must plausibly allege an arrest unsupported by probable cause. In a "formal arrest . . . an officer, acting on probable cause that an individual has committed a crime, detains that individual as a suspect." *United States v. Gines-Perez*, 214 F. Supp. 2d 205, 214 (D.P.R. 2002) (citing *United States v. Quinn*, 815 F.2d 153, 156 (1st Cir. 1987)). In contrast, an investigatory "*Terry* stop" that only needs to be justified by reasonable suspicion can transform into a "de facto arrest" if it is severe enough. *United States v. Rasberry*, 882 F.3d 241, 246-47 (1st Cir. 2018).

 It can be inferred from the Proposed Complaint that Plaintiff's detainment was in the context of the officers' pursuit of the suspect of the hit-and-run. There was, as discussed below in more detail, no indication that Plaintiff posed a threat to the officers or committed a crime other than the hit-and-run. However, the FAC does not indicate that the officers ever informed the Plaintiff he was a suspect and the moving individual defendants seem to assume in their qualified immunity arguments, discussed below, that this was a "*Terry* stop."[6] Assuming the Proposed Complaint did not adequately allege a formal arrest, it adequately alleged a de facto one.

Reviewing whether a *Terry* stop morphs into a de facto arrest requires two steps: was the stop justified at is inception, and, as the stop proceeded, were the "officers' actions . . .

---

[6] The moving individual defendants' briefs are less than clear and reference both probable cause and reasonable suspicion, but all three conclude that "reasonable suspicion was at least arguable." Thus, the Court assumes they are arguing this was only a *Terry* stop.

reasonably related in scope to the circumstances which justified the interference?" *Rasberry*, 882 F.3d at 247 (citation omitted). In the second step, "[t]he dispositive question is whether a reasonable person standing in the suspect's shoes would understand his position to be tantamount to being under arrest." *Id.* (citation omitted). As discussed below, the officers here likely had reasonable suspicion to make an initial investigatory stop of Plaintiff to determine whether he posed a threat to them. Making all plausible inferences in favor of Plaintiff, he was not merely stopped; he was held at gunpoint, stepped on, and then handcuffed for an "extended period."

Brandishing weapons and the use of handcuffs are "often indicative of an arrest" but do not necessarily create a "de facto arrest." *Id.* at 248. However, in such cases, the government (or here, the defendants), "must be able to point to *some* specific fact or circumstance that could have supported a reasonable belief that the use of such restraints was necessary to carry out the legitimate purposes of the stop without exposing law enforcement officers, the public, or the suspect himself to an undue risk of harm." *United States v. Acosta-Colon*, 157 F.3d 9, 19 (1st Cir. 1999). Officers may not "handcuff suspects as a matter of routine" without probable cause. *Id.* at 18. In *Rasberry*, the officers were "entering an unfamiliar space to confront a suspect who they knew had a criminal history involving firearms and who had recently been present in locations where guns were found." 882 F.3d at 248. And during the stop, the officers were "assiduously engaged in activities in furtherance of the investigation for the entire time of the detention." *Id.* In contrast, nothing in the complaint suggests Plaintiff posed a threat to officers. They might have believed him dangerous as a suspect in a particularly egregious hit-and-run, but insofar as they were detaining him as a suspect for that crime, that is a formal arrest. The officers here ignored Plaintiff's explanation of what had occurred and did not release him until they "received" information that the correct suspect had been apprehended. There is nothing in the

complaint suggesting they took any active steps to verify Plaintiff's identity. There was no "specific fact or circumstance" justifying the intrusiveness of the stop. The Court finds that the Proposed Complaint plausibly alleges a de facto arrest.

The Proposed Complaint also sufficiently alleges that the officers lacked probable cause to suspect that Plaintiff had committed the crime in question.[7] "Whether an officer had probable cause for an arrest is determined by viewing the totality of the circumstances from the perspective of an objectively reasonable officer." *Karamanoglu*, 15 F.4th at 87. This analysis only considers "facts known to the officer at the time of arrest." *Id.* at 88. It is "not a high bar." *Id.* at 87. (citation omitted). Although evidence of innocence does not impose a duty on an officer to "complete a full investigation before making a probable cause determination . . . an officer may not treat evidence of innocence with impunity." *Id.* at 88 (citation omitted). Finally, mere presence at the scene of a crime is not enough, on its own, to establish probable cause. *United States v. Jones*, 432 F.3d 34, 42 (1st Cir. 2005). Officers must have some other reason to suspect that the person at a crime scene is the perpetrator to arrest them. *See, e.g.*, *United States v. Tiru-Plaza*, 766 F.3d 111, 121 (1st Cir. 2014) (finding probable cause where officers had reason to suspect a vehicle theft, the suspect was armed, unable to provide a license and registration, etc.). Making all plausible inferences in favor of Plaintiff, at the time of the arrest the officers knew that the suspect had hit at least one car and fled, they knew the suspect did not resemble Plaintiff,[8] both Plaintiff's and Mr. Rivera's vehicles were visible (though the officers did not know who the owners of the cars were), and Plaintiff was near these two vehicles.

---

[7] Although not clear from the complaint, the Court assumes the crime in question to primarily concern damage to personal property as a result of the crashes. *See, e.g.*, M.G.L. c. 266, § 127.

[8] In his Proposed Complaint, Plaintiff alleges that "[t]he officers had no reasonably trustworthy information to believe [Plaintiff] was committing the crime [to] which the officers had responded to, in fact, [Plaintiff] does not even share any similarity in likeness to the alleged perpetrator." Making all

Plaintiff was not discovered at a private residence where crimes are known to be committed, *cf. United States v. Reyes*, 225 F.3d 71, 75-76 (1st Cir. 2000), but neither was he discovered at a public establishment where multiple innocent bystanders should be expected. *Cf. Ybarra v. Illinois*, 444 U.S. 85, 91 (1979). He was discovered on the side of the road next to one car that had crashed into the guardrail and another damaged car. However, the officers had— making all reasonable inferences in favor of the non-moving party—evidence of innocence that they ignored. Plaintiff did not resemble the suspect. The officers were informed by Plaintiff that he was not the suspect, but the victim. The Plaintiff's car was also parked on the side of the road. Given that there were two cars and one individual, a rational inference is that the suspect fled and the victim remained. Indeed, it appears from the FAC that the initial officer who responded to the scene understood from these circumstances that Plaintiff was *not* the suspect. Under these facts, there was reasonable suspicion to conduct a *Terry* stop to ensure officer safety. But where there is countervailing evidence supporting Plaintiff's innocence, mere presence at a scene associated with a crime is not sufficient to establish probable cause.

As discussed above, the moving individual defendants make qualified immunity arguments in their motions to dismiss.[9] The moving individual defendants make these arguments in their motions to dismiss the FAC, which does not contain unlawful arrest claims. But even considering them, they all hinge on the allegation that reasonable suspicion was "arguable" because the stop was the result of "receiving incorrect information that was later corrected." First, the incident alleged was a de facto arrest, not a *Terry* stop. Second, nowhere in the

plausible inferences in favor of Plaintiff, the inference of this allegation is that the individual officers had a description of the suspect, Mr. Rivera.

[9] Qualified immunity is an affirmative defense, not an element of the claim, and as such can be waived or forfeited. *Lawless v. Town of Freetown*, 63 F.4th 61, 65 (1st Cir. 2023). Therefore, this Court limits itself to the specific arguments raised by the defendants.

Proposed Complaint is it alleged that the moving individual defendants had "incorrect information"—to the contrary, Plaintiff alleges the officers arrested him in spite of having information that he did not resemble the suspect. On a motion to dismiss, this Court must credit the plaintiff's allegations. Because the moving individual defendants' qualified immunity argument is predicated on this Court resolving factual disputes at the motion to dismiss stage, they cannot prevail. Plaintiff's motion to amend is *granted in part*, insofar as Plaintiff requests leave to add unlawful arrest claims under § 1983 against the individual officers.

<u>Conclusion</u>

The only plausible claims alleged in either the FAC or the Proposed Complaint are battery, excessive force (and failure to intervene), and unlawful arrest claims against the individual officers. As such, the motion to dismiss the intentional torts against the MSP is ***<u>granted</u>***. The motion to dismiss the negligence claim against the MSP is ***<u>granted</u>*** and that claim is dismissed without prejudice. The motions to dismiss the negligence claims against the moving individual defendants are ***<u>granted</u>***. The motions to dismiss the battery and excessive force claims against the moving individual defendants are ***<u>denied</u>***. The motion to amend is ***<u>granted in part</u>***, insofar as Plaintiff requests leave to add unlawful arrest claims against the individual defendants in their personal capacities and drop the negligence claims against all individual officers, and is ***<u>denied in part</u>*** as to the federal civil rights claims against the MSP. Plaintiff shall file an amended complaint within fourteen days consistent with this order.

**SO ORDERED**

*/s/ **Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**

13